*Bates* and *Linsley*, for the defendant.

RICHARD P. HART, surviving partner of HART and FRENCH, *vs.* ABEL TOMLINSON.

Addison,
January,
1829.

That, when the name of a firm continues the same, but the individuals composing it change, the new partners are not liable for the prior debts against the company.

Nor will the decease of the new partners, pending the suit, vary the rights of the parties, or the testimony, by which the respective claims must be supported.

That, when the books of the firm appear balanced, the new partner has a right to notice of the claim against the firm, rather than that the person dealing should have notice of the change in the firm.

*Hart* and *French* brought their action on book account against *Tomlinson*, claiming to recover about $30, on account, the items of which bore date from February, 1816, to June, 1817. The action was brought before a Justice of the Peace, and appealed to the County Court, where judgment was rendered to account, and auditors appointed to take the accounts. The defendant exhibited before the auditors, a claim on book against *Richard P. Hart, & Co.* of about $61. The auditors reported the allowance of both claims, leaving a balance in favor of the defendant. They, also, reported the facts, to the Court, as well as most of the testimony, in affidavits. Upon a hearing before the County Court, the claim of the defendant was rejected, and judgment rendered for *Richard P. Hart* to recover the demand sued for ; *French* having died since the report of the auditors was returned to Court, and his death suggested upon the record. The defendant excepted to the decision of the County Court, and brought the case up that this Court might revise their decision.

The defendant's claim arose in the following manner. In the year 1814, the defendant had dealings with the firm of *Richard P. Hart, & Co.* then consisting of said *Richard P. Hart* and *Philip Hart, Jun.* and sent them a draft in his favor, drawn by *Thomas McDonough*, upon *J. Bullus*, Navy agent at *New-York*, for $122 9, for said firm to receive the payment and pay out the same according to his directions from time to time given. They discharged the draft on receiving of *Bullus* its amount in Treasu-

Addison.
January,
1829.

Hart
vs.
Tomlinson.

ry notes; that being then the customary mode of payment of such drafts. They then charged the defendant with five per cent. discount upon the Treasury notes, amounting to the $61,00. The defendant now contended that this charge was wrong, and that he ought to have the same allowed him in this action, and recover the balance, according to the report of the auditors. It appeared, by the report of the facts, that, after said draft was sent by the defendant, but the exact time did not appear, *Richard P. Hart* purchased the interest of *Philip Hart, Jun.* and, on the 8th of March 1815, said *Richard* was the only person interested in the firm, the name of which still continued—That, on said 8th of March, the avails of the draft had been received, and credited, but at what exact date did not appear—That, on the first of April, 1815, *French* became a partner with *Richard P. Hart*, under the same name of firm; and a notice of a dissolution of the partnership with *Philip Hart, Jun.* and that formed with *French*, was published, forthwith, in the *Troy Post*, then published in said *Troy*—That, on the 29th of said April, the books of the said former Company with the defendant were balanced; and the $61, appeared a charge, while the avails of the draft stood as a credit. It further appeared, that the defendant testified before the auditors, that he had no notice of the dissolution of the old firm, or formation of the new, till after the present claim of the plaintiff accrued —That he was in the store of *Richard P. Hart, & Co.* in the fall of 1815, saw *French* there, as he used to be, while a clerk in said store—That he was then informed either by seeing the account, or a transcript of it, that the Treasury notes were credited at a discount of five per cent; and that he then objected to the allowance of it.

The defendant had expressly waived the benefit of the statute of limitations, and contended that the plaintiff had done the same. This was denied; and some affidavits were read upon the subject. But that branch of the case became immaterial, and no decision was made upon it.

*Argment for the defendant.*—The defendant insists, that, the whole account is to be taken together. That the new partner coming in necessarily obligated himself, so far as respects the continued dealings with the old customers of this firm, and that, upon the adjustment of a running account, no break can be made in consequence of a secret change among the actual partners. The case is analogous to cases which are common in *England*, where a firm often continues the same during successive generations. In such cases the party, who seeks to recover

ADDISON,
January,
1829.

Hart
vs.
Tomlinson.

on an insulated transaction, must look to the real partners at the time ; but, as respects a running account, the balance of the whole account is to be taken with the house, without reference to secret changes in the firm.

*Argument for the Plaintiff.*—The defendant's claim on account of the discount charged on the treasury notes, (if any,) was against the old firm of *R. P. Hart, & Co.* and not against the plaintiffs, *R. P. Hart* and *J. F. French.* who cannot be made chargeable for this claim on any ground.   It could not have been pleaded in offset against the plaintiffs' claim in any form of action, it being a claim against other parties ; nor can the plaintiffs be made accountable for it, in this action on book against the defendant.   Nor could *R. P. Hart* by his voluntary agreement, or acceptance of a draft in the name of *Richard P. Hart, & Co.* for the amount of this claim, have bound the *new firm* to the payment of it.—1 *Swift's Dig.* 342, 343, 345.—Could the action for money had and received, to his use, have been maintained by the defendant against these plaintiffs ?   By no means. Nor can the plaintiffs be made chargeable for this claim on account of any defect of notice of the dissolution of the old firm, of *R. P. Hart & Co.*   The consequence of a defect of notice of the dissolution of a partnership is, in some cases, to subject the old partnership to liability on contracts made with a new firm, or an individual partner of the old firm, subsequent to such dissolution.   But, in no case, does such defect of notice subject the new firm to the contracts of the old.   Nor can *R. P. Hart* and *T. F. French* be made chargeable for the debts of the old firm of *R. P. Hart & Co.*   See 1 *Swift's Dig.* 350.

The death of *T. F. French,* since the report of the auditors was returned to the court, cannot alter the case, or change the rights of the parties, with respect to this claim.   If the defendant at the commencement of this suit, could not enforce his claim against the plaintiffs, he cannot avail himself of it by reason of the death of *French.* The rights of the parties, in this suit, are to be determined as they stood at the commencement of the suit, or at the trial before the auditors ; and are not changed by a subsequent event.

HUTCHINSON, J. pronounced the opinion of the Court.

If the defendant ever had any claim against the firm of *Richard P. Hart & Co.* for his present demand of $61, it was before *French* became a member of the firm.   Had he commenced an action for the same, he must have sued *Richard* alone, or *Richard* and *Philip, Jr.*   He could not have recovered against *Hart* and

ADDISON,
January,
1829.

Hart
vs.
Tomlinson.

*French*, for *French* was never his debtor. He says he knew noth-
ing of the change of partners in the firm, when he contracted the
debt sued for : but nothing appears but that he might have known,
had he inquired.   He might have seen it in the Gazette, had he
examined in the most probable place, to wit, the residence of the
firm.   He does not say that he made any search or inquiry.   Had
he desired to take up the goods in payment of his old demand at
the store, he might have contracted so to receive them, and might
have refused to receive on other terms.   If he received them, in
the ordinary course of trading upon credit, without then claiming
them in satisfaction of an old debt, and without inquiry for the
names of the firm, it authorised a charge against him in the name
of those who then constituted the firm, and leaves him no just claim
to have the same applied in satisfaction of an older claim against
other partners of the same firm.

This demand was so far from being a debt against *French*, that
any attempt of *Hart* and *Tomlinson* to make it a debt against
*French*, by putting it into a note or otherwise, would have been a
fraud upon *French*, and unavailing in law and equity.   When
*French* became a partner on the 1st of April, the deal of the old
firm with this defendant was on the books of the old firm, which
were balanced on the 29th of the same month.   After this, if
*French* saw those books at all (and it seems he had no interest to
see them) he must have seen the account balanced.   The defend-
ant was there in the fall, and learnt how the books stood, and says
he objected to the allowance of the discount, but does not say that
*French* then knew of his objections, nor that he obtained any as-
surance of relief from any persons ; nor, in fact, that he sought
any.   The next winter, after all this, the account now in suit was
begun.  We discover no reason why *French* should be considered
a debtor to the defendant in this matter.   If he was no debtor, and
liable to no suit for the same, he is no more liable to have it come
in upon the rendition of accounts ; which, to be allowed, must be
mutual.

But, it is suggested, that this demand of the defendant, being
against *Richard P. Hart*, and *French* being dead, and *Hart* pur-
suing this action as survivor, the demands have become mutual.
The facts do not support the reasoning.   It is very probable, and
indeed almost certain, that the demand of the defendant is against
*Richard P. Hart* and *Philip Hart, Jr.*   They constituted the
firm when the draft was received.   That, *prima facie*, shows
them jointly accountable for the avails.   And nothing appears in
the case to alter that liability.   Hence it does not appear that the
defendant could pursue *Richard P. Hart* as his sole debtor.   If

ADDISON,
January,
1829.

Hart
vs.
Tomlinson.

not, his becoming sole plaintiff in this case, by survivorship, creates no mutuality, not even in the form of action. Furthermore, all questions about the mutuality of claims and all the evidence of the several claims must be the same now as if *French* were alive : and the decision must be the same. His heirs are entitled to his estate, now he is dead, without diminution, occasioned by the payment of the debts of the former partners.

The judgment of the County Court is affirmed.

*Peter Starr,* for plaintiff.

*S. S. Phelps,* for defendant.